UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 2010-CR-10394-WGY |
| V. | ) ) |  |
| CALVIN DEDRICK | ) ) |  |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT
OF ACQUITTAL AND MOTION FOR NEW TRIAL**

The defendant, Calvin Dedrick, in the above-entitled matter moves this Court pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure to enter a judgment of acquittal on the ground that the evidence presented by the government was insufficient to sustain a conviction on each count of the Indictment. The defendant also moves pursuant to Rules 29(d) and 33 of the Federal Rules of Criminal Procedure, that the Court grant him a new trial on the ground that the interest of justice so requires. In support of this motion, the defendant states the following:

(1) The Court, Young, J., erred, as the Court acknowledged (Tr. Volume 6, April 17, 2012, Excerpt at 4-5) in denying the Motion Of Defendant For "Franks Hearing" (D.E. 28). In the same vein, the defendant asserts that the Court erred in denying the companion Motion Of Defendant For Date And Time Of Controlled Buys (D.E. 29) and Motion Of Defendant For Boston Police Department Documents (D.E. 30). The Court erred in denying the Motion For Reconsideration Of Motion Of The Defendant For "Franks Hearing" (D.E. 38).

The defendant requests leave to amend the instant motion for further testimony beyond the testimony elicited at a "Franks Hearing" regarding material testimony at trial.

(2) The Court, Young, J., erred in denying the Defendant's Second Motion To Suppress Evidence. (D.E. 59) In denying the said motion, the Court reasoned that, "…there was probable cause to arrest Mr. Dedrick on that, at that time because of the search warrant affidavit. And this Court, at least as matter of law, presently reasons if there was probable cause based upon the affidavit, even though they did not have a warrant, that would be grounds to pick him up. It frequently is the case that the government in developing an investigation will seek a warrant without seeking an arrest warrant for the person whose premises are to be searched…" (Tr. Volume 6, April 17, 2012, Except at 4).

The defendant respectfully submits that the issue of whether or not there was probable cause to stop the defendant's vehicle, to search the defendant and to "detain"/arrest the defendant, on September 22, 2010, at Park Street and Washington Street, Dorchester, MA., by Boston Polcie Department Sgt. Detective Albert Terestre and other Boston Police Department officers, presents an issue of first impression, which was not resolved by the Court's reasoning in denying the defendant's second motion to suppress. The issue raised by the defendant's motion, is whether or not the police had constitutionally valid probable cause to stop, search, "detain"/arrest the defendant based on the prior alleged controlled sales, given the fact that the police never objectively had the intention to arrest and/or charge the defendant with the sales. It was not objectively reasonable for the officers to stop the defendant as under no circumstances would the defendant be charged with the sales. In other words, if police officers have probable cause to arrest a person, but would not ever charge that person with the offenses for which they had probable cause to arrest him, and in fact had no intention to ever charge

2

that person with such offenses, can such "professed probable cause", serve as probable cause to arrest the person in such circumstances as is involved in the instant case. In effect, the police officers are only using the "professed probable cause", as an unconstitutional excuse to arrest a person pending the outcome of an intended search. In the instant case, Sgt. Detective Terestre had no intention to ever arrest or charge the defendant with either of the sales alleged in his affidavit in support of his application for a search warrant, as he did not want to disclose and/or, be required to disclose, the identity of the informant. Since Sgt. Detective Terestre never objectively, had an intention to arrest or charge the defendant with the alleged sales and in fact did not charge the defendant with the alleged sales, the sales stated in his affidavit cannot serve as probable cause to stop, search and "detain"/arrest the defendant. The defendant was not charged with the contraband discovered at 9 Brinsley Street, according to Sgt. Detective Terestre, until he admitted to ownership/possession of the seized items at C-11 after his arrest upon the discovery of the plastic bags in the cruiser. The initial stop, search and "detention"/arrest, of the defendant was in violation of his rights guaranteed him by the Fourth Amendment to the Constitution of the United States and consequently, the discovery of the plastic bags in the cruiser and the defendant's subsequent statement, must be suppressed under the fruit of the poisonous tree doctrine. The Court must enter a judgment of acquittal, or in the alternative, grant the defendant a new trial on Count Three of the Indictment. Given the fact that the defendant's unlawfully obtained statement, necessarily and incalculably, supported the government's charges as to the defendant's possession of the firearm and cocaine discovered at 9 Brinsley Street, the Court must enter a judgment of acquittal, or in the alternative, grant the defendant a new

trial on Counts One, Two, Four and Five of the Indictment.

(3)   The Court must enter a judgment of acquittal, or in the alternative, grant the defendant a new trial on Count Five of the Indictment charging the defendant with the offense of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A).  The government presented insufficient evidence at trial to prove beyond a reasonable doubt, that the firearm was possessed by the defendant at the time that it was seized by Boston Police Department officers in furtherance of a drug trafficking crime.  The government did not produce evidence showing "active employment" of the firearm to the seized drugs, or to protecting the seized drugs, or to a drug trafficking offense.  "Merely possessing a firearm kept near the scene of drug trafficking is not 'use' under §924(c)(1) because, §924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant."  United States v. Watson, 552 U.S. 74, 75-76 (2007); United States v. De La Paz-Rentals, 613 F3d 18, 27-29 (1st Cir. 2010)(firearm not proven to have been actively employed in connection with drug trafficking offense conceded by government).  The disparate location of the defendant and the firearm at the time of its seizure, demonstrates that the government did not produce sufficient evidence to prove that the firearm was used to protect the seized drugs in furtherance of a drug trafficking crime.

(4)   The introduction of evidence during the course of the defendant's trial, which was the subject of either the defendant's Motion For A "Franks Hearing" and/or the defendant's Second Motion To Suppress Evidence, violated the defendant's rights to a

fundamentally fair trial and due process of law guaranteed him by the Fifth Amendment to the Constitution of the United States.

                                                                    Respectfully submitted
By his attorney,

/s/ Bernard Grossberg
_____
Bernard Grossberg
15 Broad Street
Suite 240
Boston, MA 02109
(617) 737-8558
B.B.O. No. 212900

## CERTIFICATE OF SERVICE

    I, Bernard Grossberg, Esq., hereby certify that on April 27, 2012, I served a true copy of **Defendant's Renewed Motion For Judgment Of Acquittal And Motion For New Trial** upon United States Attorneys Robert Richardson and Kenneth Shine, Office of the United States Attorney for the District of Massachusetts by electronic filing to all registered users.

                                                                 /s/ Bernard Grossberg
_____
Bernard Grossberg