UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-10394-WGY |
| | ) |
| CALVIN DEDRICK | ) |

**<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE</u>**

The government respectfully opposes the defendant's motion for release pending the filing of his motion for a new trial. As the defendant notes, he was convicted after trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); two counts of possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). This Court heard evidence after trial with respect to the defendant's *Frank's* motion and denied the defendant's motion addressed to the search warrant affidavit. Since that time information has come to light regarding the chemist who performed the secondary analysis of some of the drugs recovered in this matter, and the defendant has expressed his intention to file a motion for a new trial based on evidence uncovered during the investigation by state authorities, which investigation is not yet complete.

The government has no objection to permitting the defendant to file his motion for a new trial after the state investigation is complete. However, the government opposes the defendant's release at this time. Because the defendant has been convicted of a crime punishable by life in prison (the felon-in-possession conviction), the defendant is subject to 18 U.S.C. § 3143(a)(2), which provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph ... (B) ... of subsection (f)(1) of section 3142 [an offense for which the maximum penalty is life in prison or death]] and is awaiting imposition of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) the attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Given that the defendant stands convicted of firearms offenses that have nothing to do with Annie Dookhan; given that one of those convictions – being a felon in possession of a firearm – carries with it a minimum mandatory term of 15 years in prison and a maximum term of life; and given that the defendant has shown himself to be an extremely poor candidate for release – he committed these crimes while on federal supervised release on a drug conviction – the defendant cannot establish by clear and convincing evidence that he is neither likely to flee nor a danger to any other person or the community.

The defendant also seeks relief based on the conditions of his confinement at Wyatt. Any investigation of the defendant that has resulted in the actions he describes has nothing to do with

this matter.

                              Respectfully submitted,

                              CARMEN M. ORTIZ

                              United States Attorney

                    By:  /s/Robert E. Richardson

                              ROBERT E. RICHARDSON

                              KENNETH G. SHINE

                              Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document has been served via ECF on counsel of record for the defendant this 8th day of May, 2013.

                              /s/Robert E. Richardson

                              ROBERT E. RICHARDSON